RALPH F. CRISWELL, Appellant, v. CARL CRISWELL, Appellee.

No. 44317.

NOVEMBER 15, 1938.

Jebens & Butenschoen, for appellant.

Lane & Waterman, for appellee.

MITCHELL, J.—Ralph Criswell commenced this action against his brother Carl, alleging that on or about the first of February, 1933, they entered into an oral agreement to form a partnership to engage in farming under the name of Criswell Brothers, upon real estate owned by both of them in Scott County; that, according to the alleged partnership agreement, they were to share

equally the profits from all crops grown on their land, and to share equally the increase of all livestock owned by them, and to bear equally all losses and expenses that might be sustained on account of the farming operations. He then prayed for an accounting and the appointment of a receiver to take possession of the property and sell same; that the proceeds thereof be applied first to the payment of the costs of the receivership, and second to the payment of the partnership debts, the balance to be equally divided between them.

Defendant filed answer, in which he specifically denied that there was any partnership agreement, and asked for an accounting. He stated that certain obligations had been incurred in connection with the operation of said land, which had not been paid, and prayed that the court determine the respective shares of the parties to the then indebtedness.

There was a trial, at which a great deal of evidence was offered, and the court found that no partnership agreement was entered into between plaintiff and defendant, as alleged by plaintiff in his petition; that the defendant was entitled to an accounting; that there were certain obligations of the parties growing out of the operation of said farms, part of which should be met by Ralph Criswell and part by Ralph and Carl Criswell. The decree then provided for the division of the cattle, the hogs, the chickens, the crops, the machinery, and the sheep; that Ralph should pay into the office of the Clerk 'of the District Court a certain sum of money and one-half of the costs, within a period of thirty days, and if it was not paid that judgment be entered against Ralph Criswell in favor of the defendant in the sum of $1,488.89 and one-half of the costs of this action.

Plaintiff being dissatisfied has appealed.

I. The first question with which we are confronted, and the important one, is whether there was a partnership agreement between the two brothers.

They were the joint owners of 170 acres of land, 65 acres lying west of the road and 105 acres east of the road. Each tract had a set of improvements. Their interest in the respective pieces was different. Until December 3, 1930, they operated the land and carried on farming operations as a partnership, under the name of Criswell Brothers. This had gone on for a good many years. It was during that period of time when the operation of farm lands in Iowa was not very profitable.

The price of farm products and livestock had reached a new low level. Whether this was the cause of the dissolution of the partnership the record does not show. However, Ralph sold his interest in the partnership property other than the real estate, to his brother Carl, and Carl paid the amount of money agreed upon. Ralph moved to Pottawattamie County, where he engaged in farming until January 14, 1933, when he moved back to Scott County, the venture in Pottawattamie County not being successful. It was also during that disastrous period in the history of agriculture in Iowa. When Ralph moved back to Scott County he moved into the house and buildings on the 105-acre tract in which he and his brother Carl had an undivided one-half interest. Carl had occupied for a number of years the house on the 65-acre tract just across the road.

Appellant's lawsuit is based upon what he claims occurred on or about February 1, 1933. We quote from his testimony:

"When I came back we argued back and forth some and we got into an agreement that we were to farm together and each stand half the expenses, and divide the livestock, the hogs, the cattle and the crops; it was all to be used on the place, and the bills were to be paid and, if there was anything left, it was to be divided equally."

Appellee denies that there was any such arrangement.

This court said, in Citizens Bank v. Scott & Son, 217 Iowa 584, at page 587, 250 N. W. 626, at page 627:

"It is elementary that a real partnership can only exist as the result of an agreement, either express or implied, and it is the established law of this state that such agreement must be such that the essential elements of a partnership are included therein."

In the case of Florence v. Fox, reported in 193 Iowa 1174, at page 1178, 188 N. W. 966, at page 968, we read:

"The courts hold quite generally that there are obvious reasons for holding that farm contracts or agricultural agreements, by which the owner of land contracts with another that such land shall be occupied and cultivated by the latter, each party furnishing a certain portion of the seed, implements, and stock, and that the products shall be divided at the end of a given

term, or sold and the proceeds divided, shall not be construed as creating a partnership between the parties. Such agreements are common in this country, and are usually very informal in their character, often resting in parol. In the absence of stipulations or evidence clearly manifesting a contrary purpose, it will not be presumed that the parties to such an agreement intended to assume the important and intricate responsibility of partners, or to incur the inconveniences and dangers frequently incident to that relation."

We find the following, in Malvern National Bank v. Halliday, 195 Iowa 734, at page 739, 192 N. W. 843, at page 846:

"A partnership has its origin in contract either express or implied. It is the result of contract creating a relation or status, and in the solution of the problem presented a court necessarily attempts to find the legal elements essential to the creation of that status. * * * The relation is predicated on mutual consent and is evidenced by the terms of the contract, the conduct of the parties, and the circumstances surrounding the transaction."

In the recent case of Farmers & Merchants National Bank v. Anderson, 216 Iowa 988, at page 993, 250 N. W. 214, at page 217, we said:

" 'The relation is predicated on mutual consent, and is evidenced by the terms of the contract, the conduct of the parties, and the circumstances surrounding the transaction.' "

With these rules of law in mind, let us turn to the record before us.

Appellant's right of action is based solely upon an alleged oral contract which he claims was entered into on or about February 1, 1933. His own testimony is rather indefinite. That such a conversation took place is specifically denied by appellee. There were no witnesses other than the two brothers, and their testimony is in direct conflict. When Ralph returned from Pottawattamie County, which is the time that he claims the new partnership arrangement was made, he did not have anywhere near the livestock that his brother had; he had no feed, no money, and, in addition, he had acquired an indebtedness to a bank of approximately $3,000. Besides this, we have this undis-

puted fact, that when they entered into the corn-hog contracts in 1934 and 1935 the contracts were entered into with the federal government by Ralph Criswell as an individual and by Carl Criswell as an individual. These contracts, signed respectively by Ralph Criswell as an individual and by Carl Criswell as an individual, were introduced in evidence. They affirmed that they were the owners of only a certain amount of hogs on that date, and were necessary in order that the brothers might benefit under the corn-hog program. If there had been a partnership in existence, the contracts for these two years with the federal government would have been in the name of the partnership rather than in the name of each individual.

In addition to this, we find that at no time did Ralph make any demand upon his brother, until in May of 1937.

In view of this record we are convinced that the lower court was right in holding that no partnership agreement had ever been entered into, and in refusing to appoint a receiver.

II. We come now to the question of an accounting between the brothers.

The record is a long one. No good could possibly be accomplished by setting out in detail the evidence in regard to the livestock and machinery. We are convinced that the lower court was right in that part of the decree, dividing the stock and the machinery.

In the division of the decree numbered (6) the court found there were certain obligations of the parties growing out of the operation of the farm, and certain costs, which should be taken into consideration in the accounting. The court listed the following obligations of Ralph F. Criswell:

| | | |
|---|---|---|
| Ed. House | $216.00 | |
| V. Auliff | 50.00 | |
| Children | 25.00 | $291.00. |

In this the court was correct, as these are the individual obligations of Ralph. The court then listed the following as the joint obligations of Ralph and Carl:

Rent 105 acres due Anna K. Beatty and
    Edith Wilson               $240.00
Interest due Sept. 1, 1936, to Federal
    Land Bank of Omaha, on Federal

| | | |
|---|---:|---:|
| Land Bank and Commissioner loans | 109.11 | |
| Rent 55 acres due Meta Johansen | 270.00 | |
| Scott Farm Bureau Service Co. | 97.91 | |
| Taxes due Treasurer of Scott County, Iowa, payable in 1937, covering 170 acres | 200.45 | $917.47 |
| | | |
| Labor Cost, Carl Criswell, Cost of maintaining hired man | 888.00 | |
| Use of farm machinery, Elizabeth Criswell | 881.32 | 1,769.32 |
| | | $2,686.79 |

The lower court was right in its findings with the exception of the item of interest due September 1, 1936 in the amount of $109.11, which amount was paid prior to the time this accountting was had, and the court found that there was no money due from either plaintiff or defendant, to the other, because of moneys received and paid out during the period covering the accounting.

The $109.11, having been paid by Carl, should not have been included in the joint obligations owing by Ralph and Carl. We therefore deduct from the total of $917.47 the amount of $109.11, which leaves a balance of $808.36.

Adding this to the cost of maintenance of the hired man and for use of the machinery, or $1,769.32, would amount to $2,577.68.

The court found these obligations should be divided equally between the parties, and that the defendant was entitled to credit for his one-half of the obligations for the maintenance of the hired man and charge for use of the machinery.

The decree then provided that Ralph should pay into the office of the Clerk of the District Court of Scott County, Iowa, a certain sum of money, within a period of thirty days, together with one-half of the costs of this action, and that if he failed to do so judgment would be entered against him, in favor of Carl, in the sum of $1,488.89 and one-half of the costs of the action. In this part of the decree the lower court was wrong, there being no showing that appellee had as yet paid the obligations referred to in section (6) of the decree. Until he has paid them

he would not be entitled to judgment against appellant for this amount.

It necessarily follows that the decree must be modified and the amount of $109.11 must be deducted from the amount of the joint obligations of Ralph and Carl. Appellee's share of the indebtedness of the items listed in paragraph (6) is $1,288.84, but he is entitled to credit for one-half of the labor cost and the use of farm machinery in the amount of $884.66, leaving a balance due from appellee of $404.18. The appellee shall pay into the office of the Clerk of the District Court of Scott County, Iowa, within thirty days from the filing of this opinion on appeal, or submit receipts therefor, the sum of $404.18, and one-half of the costs of this action in the lower court. And the appellant shall pay into the office of the Clerk of the District Court of Scott County, Iowa, within thirty days of the filing of this opinion on appeal, or submit receipts therefor, one-half of the items listed in paragraph (6) with the exception of $109.11, the amount of the interest owing the Federal Land Bank as of September 1, 1936, or the sum of $1,288.84, and one-half of the costs of this action in the lower court.

If the appellant fails to pay same or file receipts therefor, within thirty days, and if the appellee, after failure of the said appellant to make the payment, pays the sum of $1,288.84, as found to be owing by Ralph, or any part thereof, or files receipts therefor, then, and in that case, the lower court is directed to enter judgment against Ralph, in favor of Carl, in the amount shown to have been paid by Carl or for which receipts are filed, of Ralph's share of their joint obligations as set out in this opinion.

The lower court shall also enter an order, directing the Clerk of the District Court of Scott County, Iowa, to make payment pro rata to the various creditors of the amounts of money paid into his hands by the appellee and appellant.

The decree of the lower court is modified as set out in this opinion. In all other respects it is affirmed. The lower court is hereby directed and ordered to enter an order and decree in conformity with this opinion.

The costs on appeal will be assessed two-thirds to appellant and one-third to appellee.

It necessarily follows that the judgment and decree of

the lower court must be, and it is hereby, modified and affirmed. —Modified and affirmed.

Chief Justice and all Justices concur.